UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14049-CR-MARTINEZ/LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LITISA ANN JONES,

    Defendant.
_____/



FILED by _____ D.C.

SEP 24 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

## REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 06 1348]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA Voucher and this Court having reviewed the voucher, the attachments, as well as counsel's letter of July 30, 2007 to the CJA Clerk which provides a good explanation of the background of the case, this Court recommends to the District Court as follows:

1. The maximum amount permissible under the statute, 18 USC §3006A, is $7,000.00 in attorney's fees. Counsel for the Defendant seeks reimbursement of $12,686.80 as reasonable attorney's fees at the hourly rates provided for based upon the Judiciary Appropriations Act of 2006, i.e., $92.00 per hour. Additionally, Ms. Golder seeks reimbursement of $838.61 in travel expenses and $383.16 in other expenses.

2. This Court has reviewed the voucher as well as the attachments and other documentation provided by Ms. Golder, counsel for the Defendant, in support of her application. This Court also notes that the CJA Voucher Administrator for this Court has made certain adjustments and this Court is reviewing the application based upon those adjustments as noted on the CJA Voucher form.

3. Pursuant to 18 USC §3006A(d)(3), the maximum amounts may be waived if the Court makes a specific finding and certifies that the case was "extended" or "complex".

Extended is defined as a case requiring more time than the normal case. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. Ms. Golder's letter has been considered by this Court and it provides a good explanation of the background of the case and its disposition. There is nothing that this Court would have asked Ms. Golder in a hearing which is not contained within her letter of July 30, 2007 which should be made a part of the court file as well. Therefore, this Court is not going to conduct a hearing and require Ms. Golder to travel here for a hearing since all of the information is adequately contained in the voucher, the attachments and Ms. Golder's letter of July 30, 2007.

5. Ms. Golder's letter states that the case resulted in an acquittal after a three day trial. She states that the trial was unusual because the defense called as many or more witnesses than the prosecution and that certain witnesses were difficult to locate and/or were uncooperative. Ms. Golder asserts that there were voluminous police reports to review and that the Defendant's health problems required Ms. Golder to file motions to make certain that the proper care was received by the Defendant. Additionally, Ms. Golder correctly asserts that this Court initially detained the Defendant, but then granted Ms. Golder's motion for release of the Defendant on bond at a later time based upon certain facts which unfolded during the prosecution of the case.

6. Ms. Golder's letter goes on to advise the Court that the District Court initially rejected a plea recommendation in the plea agreement entered into by the government and the Defendant. Therefore, trial was required. Ms. Golder asserts that there were special

jury instructions that needed to be drafted and that all hearings were in Fort Pierce or Miami. The trial in this case was in Fort Pierce.

7.  The case resulted from an Indictment charging the Defendant with retaliating against a witness, victim or informant, in violation of Title 18, United States Code, Section 1513(b). Based upon the penalty sheet attached to the Indictment, the Defendant was facing up to forty years in prison, a $250,000 fine, and five years of supervised release.

8.  Ms. Golder's voucher reflects 22.1 hours of in-court time at the rate of $92.00 an hour, for a total of $2,033.20. Ms. Golder's out-of-court time is listed at 115.8 hours at the rate of $92.00 an hour, totaling $10,653.60. The court file and Ms. Golder's documentation reflects that she began working on this case when she was appointed on September 8, 2006. On that date she appeared for the arraignment. This case concluded with a three day trial during the period of May 14-16, 2007, inclusive. As referenced above, the jury found the Defendant not guilty and she was thereafter released.

9.  This Court notes that a great deal of Ms. Golder's time was spent in travel back and forth to the Fort Pierce Division. The voucher lists 30.5 hours which is approximately one-fourth of the total out-of-court time that Ms. Golder's voucher claims. This Court appreciates the fact that many of the attorneys who accept CJA appointments are outside of the Fort Pierce Division of the Court and have to travel here for court hearings. However, that in and of itself does not give this Court authority to find that the case is otherwise extended or complex as required by the statute. The Court appreciates the fact, and has stated in other Orders regarding CJA applications such as this, that the Court has competent counsel on the CJA list to represent indigent defendants who require such services. The manner in which the CJA list is constructed allows attorneys to

designate which division of the court in which they are willing to accept appointments. This is with knowledge that such cases are going to require some sort of travel back and forth between the attorneys and the Fort Pierce Division for hearings, interviewing witnesses, reviewing discovery and trial.

10. In trying to determine what is extended or complex, this Court has to look to the case law. This Court has previously cited and will cite again in this Report and Recommendation the case of United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007). This was a case that Judge Martinez tried. In that case, Mr. Aldazabal was CJA appointed counsel and sought reimbursement of $9,101.50 which was in excess of the statutory maximum. It was recommended by Magistrate Judge Palermo and adopted by Judge Martinez that the case was found to be complex and extended which permitted exceeding the statutory maximum. This Court is going to use that case as an example of what an extended or complex case would be. This is not intended by the Court to minimize the present case Ms. Golder brings before this Court nor to minimize the result that Ms. Golder obtained. Rather, it is by way of comparison to show what this Court deems to be an extended or complex litigation justifying exceeding the statutory maximum.

11. In the Bridges case, the prosecution involved a twenty-seven count Indictment charging nine individuals with a sophisticated and aggressive scheme to defraud investors. As the Court's opinion indicates, it was a complex fraud arising from months of investigation by the government. The Defendant Bridges was arrested in the State of North Carolina and removed to this Court for prosecution. The Defendant was initially released on bond and then based upon appeal by the government, was remanded into pretrial detention. Discovery in the Bridges case involved seventeen multi-hour compact discs. Similar to the

case before this Court on the present CJA voucher, a plea was not able to be worked out completely and the matter had to proceed to trial. Prior to trial, the Defendant entered a guilty plea without any agreement and was thereafter sentenced.

12.     The proper determination to authorize exceeding the statutory maximum is not merely that the time is properly documented and is reasonable. This Court must find under the applicable case law that the matter was complex or extended. This Court does not deny that Ms. Golder expended the time and performed the tasks set forth in her submission. However, unless this Court can find that the matter was complex or extended, the statutory maximum applies. Otherwise, this Court would simply be faced with a "reasonableness" standard when reviewing applications for CJA vouchers just as it does when the Court would use applications for attorney's fees in civil cases. Obviously, there is a different standard involved with this statute keeping in mind the limited amount of resources that the courts of this country have to properly compensate attorneys under the Criminal Justice Act and provide competent counsel to all indigents who qualify for appointment of CJA counsel.

13.     In comparing the present case with the <u>Bridges</u> decision, this Court cannot find this matter to be extended. While Ms. Golder did represent the Defendant for some eight months, the case involved only a three day jury trial, which is not unusual. In fact, Ms. Golder's voucher includes only 22.1 hours of total in-court time for the entire case. Most of her time is time spent out of court, which totals five times the amount of in-court time she has involved in the case. The amount of discovery in this case does not appear to be voluminous. This Court heard the original Detention Hearing and the evidence involved in the case. This was not a complex case. It arose from an alleged threat that the Defendant

made to a witness in a prosecution against a relative of the Defendant. It did not involve chemical analysis of controlled substances, lab reports, scientific experts or anything of that type. It involved testimony of witnesses. The simple fact that the Defendant called as many witnesses as the government does not make the case complex.

14. As the statute and case law indicate, the term extended means that the case took more time than a normal case. This Court cannot in good faith say that a three day trial involving alleged witness tampering is extended when the Court views the case in relation to other cases, such as the Bridges matter which involved a twenty-seven count fraud with seventeen compact discs of discovery.

15. The statute and case law also defines complex as involving facts unusual so as to justify expenditure of more time, skill and effort. While Ms. Golder obtained an excellent result for her client, the underlying facts of this case were not complex at all. It was basically a swearing match of one set of witnesses against the other. This Court cannot in good faith find that the matter is complex.

16. In respect to the costs sought by Ms. Golder, this Court finds them to be reasonable and permissible. The costs involve photocopies, lodging, long distance calls, mileage, meals, legal research, parking, postage and highway tolls. As adjusted by the CJA Voucher Administrator, this Court finds that those are reasonable and should be reimbursed in the amount of $1,221.77.

17. The attorney's fees sought by Ms. Golder in the amount of $12,686.80 exceed the $7,000.00 statutory maximum. This Court cannot find in good faith that the case was either complex nor extended. Therefore, the $7,000.00 maximum is applicable. This Court

will recommend to the District Court that the voucher be paid only in the amount of $7,000.00 plus the reimbursement of costs in the amount of $1,221.77.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher #FLS 06 1348 be **GRANTED** only insofar as Ms. Golder shall be awarded the sum of $7,000.00 as attorney's fees and the sum of $1,221.77 as costs, for a total sum of $8,221.77.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Jose E. Martinez, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this 24th day of September, 2007, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Jose E. Martinez
Randee J. Golder, Esq.
Lucy Lara, CJA/Case Administrator