UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 06-14049-CR-MARTINEZ-LYNCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

LITISA ANN JONES,

    Defendant.
_____/

**ORDER ADOPTING MAGISTRATE'S REPORT AND RECOMMENDATION IN PART**

THIS MATTER was referred to the Honorable Frank J. Lynch, Jr., United States Magistrate Judge, for a Report and Recommendation as to the appropriateness of Defense Counsel's CJA Voucher for Attorney's Fees. *See* (D.E. No. 74). The Magistrate Judge filed a Report and Recommendation on Appropriateness of Counsel's CJA Voucher for Attorney's Fees [Voucher #FLS 06 1348] (D.E. No. 75) recommending that this Court grant Randee J. Golder, Esq.'s voucher only insofar that Ms. Golder should be awarded $7,000.00 in attorney's fees and $1,221.77 in costs, for a total sum of $8,221.77.

In her voucher, Ms. Golder sought reimbursement of $12,686.80 as reasonable attorney's fees and reimbursement of $838.61 in travel expenses and $383.16 in other expenses. Although Judge Lynch recommends that Ms. Golder receive all of her requested expenses, he does not recommend that she receive all of her requested attorney's fees because under 18 U.S.C. § 3006A the maximum amount of fees a CJA attorney may recover is $7,000 absent a finding that the representation was extended or complex. Here, Judge Lynch found that he was unable to find

that the representation of Defendant Litisa Ann Jones was either extended or complex and thus, he limited Ms. Golder's compensation to $7,000. Ms. Golder has objected arguing that this case was both extended and complex. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, the Court adopts Magistrate Judge Lynch's Report and Recommendation in part.

First, the Court agrees that this was not a complex case. A case is complex under 18 U.S.C. 3006A(d)(3) where the "legal or factual issues in a case are unusual, thus requiring the expenditure of more time, skill and effort by the lawyer than would normally be required in an average case." Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C § 2.22B(3). Here, neither the legal nor the factual issues in the case were unusual.

However, upon careful consideration of the record in this case, the Court finds that the case was extended. A case is extended under 18 U.S.C. § 3006A(d)(3) where "more time is reasonably required for total processing than the average case, including pre-trial and post-trial hearings." *Id.* Here, the Court finds Defendant's health concerns which also related to her bond issues and Defendant's failed plea extended this case.

Defendant suffers from sickle cell anemia. After her detention hearing, Defendant had to be taken to the hospital for several days as a result of this condition. Ms. Golder spent a significant amount of time conferencing with Defendant and her family members because of this condition. Ms. Golder also spent time speaking with the Marshal's office and other court personal about Defendant's necessary medical treatment, and in preparing a Motion to

Reconsider Bond which was in part based on Defendant's medical condition. A hearing was held on this motion and it was eventually granted. *See* (D.E. Nos. 26, 27, 28). This case was also extended because Ms. Golder spent time preparing for Defendant to take a plea. However, at the plea hearing, Defendant's plea was not accepted and this case proceeded to trial. The Court finds the aggregation of these facts justifies a finding that this case was extended.

The Court next considers what compensation is necessary to provide Ms. Golder with fair compensation. In determining what is fair compensation, the Court examines certain criteria such as: "responsibilities involved measured by the magnitude and importance of the case; manner in which duties were performed; knowledge, skill, efficiency, professionalism, and judgment required of and used by counsel; nature of counsel's practice and injury thereto; any extraordinary pressure of time or other factors under which services were rendered; and any other circumstances relevant and material to a determination of a fair and reasonable fee." Guidelines for the Administration of the Criminal Justice Act and Related Statutes, Vol. 7, Guide to Judiciary Policies and Procedures, Sec. A, Ch. 2, Part C § 2.22B(3).

After careful consideration of these factors and a review of the time records, the Court finds that some of Ms. Golder's hours should be reduced as excessive. First, the Court finds that Ms. Golder spent an excess of time on the drafting of relatively simple motions such as the hour it took her to draft a motion to allow a tape recorder in the courtroom at the detention hearing, the hour it took her to draft a motion for permission to modify bond to spend holidays with her family, the hour and twelve minutes it took her to draft a motion for permission to travel, and the hour it took her to draft a motion to allow a computer at the trial. The Court will reduce these times to two hours as it finds that the drafting of these motions should not have taken over thirty

minutes each.

The Court also finds that the time Ms. Golder spent reviewing the government's instructions and preparing one defense instruction was excessive. In this case, all except one of the jury instructions submitted to the Court were standard instructions taken from the Eleventh Circuit Pattern Jury Instructions. *See* (D.E. No. 43). Defendant objected to one of these standard instructions which was italicized per the Court's instructions. However, Defendant did not craft a detailed reason for this objection. In fact, in the proposed instructions, no reasons are stated at all for the party's specific objections. Defense did apparently have to create an instruction for the specific offense involved in this case, retaliating against a witness in violation of 18 U.S.C. § 1513(b). However, the instruction is one page long and Defendant only cited one case as its source for this instruction. The elements of the created instruction appear to have been taken almost exactly from this cited case. Therefore, the Court finds that the three hours and thirty minutes spent on the task was excessive. The Court will permit Ms. Golder to only recover for one hour and thirty minutes of this time.

Finally, the Court also finds in examining Ms. Golder's travel voucher that she has overestimated her travel time in this case. For example, the Court takes judicial notice of the fact that barring an extreme situation it generally does not take two hours to travel from Boynton Beach, where Ms. Golder's office is located to Fort Pierce, nor does it generally take two hours to travel from Boynton Beach to Miami, which is an even shorter distance. It also generally does not take two and a half hours to travel between Boynton Beach and Vero Beach. Therefore, after careful consideration, the Court will reduce Ms. Golder's travel expenses by half, compensating her for 15.25 hours of travel. The Court finds that Ms. Golder should be compensated as stated

in her voucher for all other tasks as the time billed for these tasks appear accurate and the Court believes that the rate charged is fair compensation. Thus, for the reasons stated above, it is hereby:

**ADJUDGED** that United States Magistrate Judge Lynch's Report and Recommendation on Appropriateness of Counsel's CJA Voucher for Attorney's Fees (D.E. No. 75) is **AFFIRMED** and **ADOPTED** in part. Accordingly, it is

**ADJUDGED** that contingent upon the approval of Chief Judge Edmondson

Ms. Golder shall be awarded the sum of $10,897.40 in attorney's fees and $1,221.77 as costs, for a total sum of $12,119.17.

DONE AND ORDERED in Chambers at Miami, Florida, this 25 day of October, 2007.

JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Chief Judge Edmondson
Magistrate Judge Lynch
All Counsel of Record